CASE 90.—ACTION BY T. D. CHENAULT, JR., AGAINST THE
    HARTFORD FIRE INSURANCE COMPANY TO RE-
    COVER ON A FIRE INSURANCE POLICY.—April
    14, 1910.

## Hartford Fire Ins. Co. v. Chenault

Appeal from Madison Circuit Court.

J. M. BENTON, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Af-
firmed.

1.  Insurance—Fire Insurance—Increase of Hazard.—Where a
    policy insures a farm barn without limitations on its use,
    the company cannot defeat recovery for loss by asserting
    that the storing of tobacco therein was an increased hazard
    under a stipulation making the policy void if the risk was
    made more hazardous, since the storing of tobacco was one
    of the uses for which barns are ordinarily used.
2.  Insurance—Fire Insurance—Change of Occupant—Increased
    Hazard.—Under a clause of a policy prohibiting change of oc-
    cupant unless without increase of hazard, the storing of
    tobacco in the barn insured by other than the owner cannot
    defeat recovery.

BARGER & HICKS and W. S. MOBERLY for appellant.

J. A. SULLIVAN and S. M. WALLACE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY,
COMMISSIONER—Affirming.

On April 6, 1908, appellant, Hartford Fire Insur-
ance Company, issued to appellee, T. D. Chenault,
Jr., of Richmond, Ky., a policy of insurance for
$1,000, covering a shingle roof barn located on ap-

pellee's farm. The policy was given for a period of three years. The property insured is described in the policy as follows: "On his frame shingle roof barn, on his farm, about two hundred yards northeast of dwelling, four miles south of Richmond, Ky." The policy was issued subject to certain stipulations and conditions printed on the back thereof. Among the stipulations and conditions are the following: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy; or if the subject of insurance be a manufacturing establishment and it be operated in whole or in part at night later than 10 o'clock, or if it cease to be operated for more than ten consecutive days; or if the hazard be increased by any means within the control or knowledge of the insured; or if mechanics be employed in the building, altering, or repairing the within-described premises for more than fifteen days at any one time; or if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple; or if the subject of insurance be personal property and be or become incumbered by a chattel mortgage; or if, with the knowledge of the insured, foreclosure proceedings be commenced or notice given of sale of any property covered by this policy by virtue of any mortgage or trust deed; or if any change, other than by the death of an insured, take place in the interest, title, or possession of the subject of insured (except change of occupants without increase of hazard), whether by legal

process or judgment or by voluntary act of the insured, or otherwise; or if this policy be assigned before a loss; or if illuminating gas or vapor be generated in the described building (or adjacent thereto) for use therein; or if (any usage or custom of trade or manufacture to the contrary notwithstanding) there be kept, used, or allowed on the above-described premises, benzine, benzole, dynamite, ether, fireworks, gasoline, greek fire, gunpowder exceeding twenty-five pounds in quantity, naphtha, nitroglycerine or other explosives, phosphorus or petroleum or any of its products of greater inflammability than kerosene oil of the United States standard (which last may be used for lights and kept for sale according to law, but in quantities not exceeding five barrels, provided it be drawn and lamps filled by daylight or at a distance not less than ten feet from artificial light); or if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied and so remain for ten days.''

In September, 1909, the property insured was totally destroyed by fire. As appellant declined to settle the loss, appellee instituted this action in the Madison circuit court to recover the full amount of insurance. A trial was had, which resulted in a verdict and judgment for appellee. From that judgment this appeal is prosecuted.

The only questions raised on this appeal relate to the court's action in sustaining appellee's demurrer to paragraphs 2 and 4 of appellant's answer. In paragraph 2 it was charged, in substance, that the property insured was a farm barn used by the insured for the housing of live stock; that appellee, without the knowledge or consent of appellant, used said barn, or suffered it to be used, for the purpose of

storing tobacco therein; that this use of the barn greatly increased the risk or hazard from loss or damage by fire or lightning; that said building would not have been insured by appellant for such use, except at a greatly increased rate; that by means of such use the hazard was, without the consent or knowledge of appellant, increased by means within the control or knowledge of the insured; that these facts relieved appellant from any liability on the policy. In our opinion, the court did not err in sustaining the demurrer to this paragraph of the answer. While the answer charged that the barn described in the policy was a farm barn, used by the insured for the housing of live stock, no such limitation upon the use of the property is contained in the policy. Where the policy covers a barn located upon a farm, and contains no limitation upon the use of such barn, it will not be a violation of the policy to use it for such purposes as barns are ordinarily used in the community where it is located. A farm barn is used not only for housing live stock, but for storing grain, hay, tobacco, and other crops. Though a barn may be used for a certain purpose at the time it is insured, it cannot be said that the hazard is increased by using it for other purposes for which barns are ordinarily used. If appellant had a higher rate for insuring barns in which tobacco was stored, it should have limited the use of the barn in question to purposes other than the storing of tobacco. It cannot insure property with no limitation upon its use, and then complain of an increased risk when the purpose for which it was used was such as must have been within the contemplation of the parties when the policy was issued. There being no limitation upon the use

of the barn, appellee was not guilty of increasing the hazard by storing tobacco therein.

In paragraph 4 of the answer it is charged that appellant permitted his brother to store large quantities of tobacco in the barn, and that this was a violation of the provision against any change, other than by the death of the insured, in the interest, title, or possession of the subject of insurance, except change of occupants without increase of hazard. Having held that the storing of tobacco in the barn in question did not increase the hazard, it necessarily follows that the facts of this case bring it within the exception laid down in the policy; the language of the policy being, "except change of occupants without increase of hazard."

Judgment affirmed.